## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SUGAR CREEK PACKING COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-2573-KHV** |
| **CIRCLE CITY TRANSPORT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Sugar Creek Packing Company ("Sugar Creek") filed suit against Circle City Transport ("Circle City") for breach of contract and negligence.  This matter is before the Court on Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, Improper Venue, And In The Alternative Motion To Transfer Venue (Doc. #4) filed December 14, 2007.  For reasons set forth below, the Court overrules defendant's motion.

### Legal Standards

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., is well established.  Plaintiff bears the burden of establishing personal jurisdiction over defendant.  See OMI Holdings v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  The Court has discretion to consider a motion to dismiss for lack of personal jurisdiction based on affidavits and other written material.  See Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985).  On a motion to dismiss, plaintiff must make only a prima facie showing of jurisdiction to avoid dismissal.  See Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  Eventually, plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or

at trial.  Until such a hearing, a prima facie showing suffices, notwithstanding any contrary evidence by the moving party.  See Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 456 (10th Cir. 1996).  If defendant challenges the jurisdictional allegations, plaintiff must support those allegations by competent proof of the supporting facts.  Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989).  All factual disputes are resolved in plaintiff's favor.  See id.  Further, the allegations in the complaint must be taken as true unless controverted by defendant's affidavits.  Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000).

**Factual Background**

Sugar Creek is an Ohio corporation with its principal place of business in Ohio.  Sugar Creek operates a manufacturing plant in Frontenac, Kansas, where it processes bacon.  Circle City is an Alabama corporation which provides long-distance freight hauling services to customers in Kansas and several other states.

On August 24, 2006, Circle City employees picked up a load of raw bacon from the Sugar Creek plant in Frontenac and agreed to deliver it to Blue Ribbon in Houston, Texas.  Circle City's driver acknowledged receipt of the load in a bill of lading which stated that the load was in good order.  At the plant, the trailer temperature was 28 degrees Fahrenheit, as required by the bill of lading.

On August 25, Circle City delivered the bacon to Blue Ribbon in Houston, Texas.  Blue Ribbon rejected the bacon because the trailer thermostat read minus 20 degrees, and Blue Ribbon believed that the bacon was frozen or otherwise damaged.  Sugar Creek then asked Circle City to return the bacon to the Frontenac plant.  The Circle City driver, however, abandoned the trailer at a truck stop near Houston.  On August 28, Circle City located the trailer and determined that

-2-

someone had broken the shipping seal and removed some pallets of bacon.  On August 29, Circle City's relief driver returned the remaining bacon to the Sugar Creek plant in Frontenac.  Sugar Creek tested the bacon and determined that the bacteria count exceeded the acceptable level.  Further, Sugar Creek could not resell the raw product because it came from a source with a broken seal.  Sugar Creek converted the bacon to cooked bacon bits in order to mitigate its damages.

On October 22, 2007, in the District Court of Crawford County, Kansas, Sugar Creek filed suit against Circle City for breach of contract and negligence.  On December 7, 2007, Circle City removed the case to federal court.  Circle City now asserts that the Court must dismiss plaintiff's complaint for lack of personal jurisdiction and lack of venue, or in the alternative, transfer the case to an unspecified federal district court in Alabama.[1]

### Analysis

I.    **Motion To Dismiss**

A.    Personal Jurisdiction

Defendant asserts that the Court should dismiss it for lack of personal jurisdiction.  The Court analyzes Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction with a two-part test.  First, it determines if defendant's conduct falls within a provision of the Kansas long-arm statute, K.S.A. § 60-308.  Kansas courts construe the long-arm statute liberally to assert personal jurisdiction over nonresident defendants to the full extent permitted by the limitations of due process.  Volt Delta Res. Inc. v. Devine, 241 Kan. 775, 777, 740 P.2d 1089, 1092 (1987).  Second, defendant must have sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process.  See TH Agric. & Nutrition, LLC v. Ace European Group Ltd., 488 F.3d 1282,

---

[1]        Alabama has three federal district courts.

1286-87 (10th Cir. 2007).

      1.     <u>Kansas Long-Arm Statute</u>

Defendant asserts that personal jurisdiction in this case is not proper under the Kansas long-arm statute. Plaintiff asserts that personal jurisdiction over defendant is proper under Subsections (1)(A) and(1)(B) of the Kansas long-arm statute, K.S.A. § 60-308(b), which provides in part as follows:

> **Submitting to jurisdiction**. (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (A) Transaction of any business within this state;
>
> (B) commission of a tortious act within this state[.]

Kan. Stat. Ann. § 60-308(b). Defendant maintains that the Court lacks jurisdiction because plaintiff does not allege any tortious acts or breaches of contract which occurred in Kansas. Based on the analysis below, however, the Court finds that plaintiff has alleged activities by defendant which fall within Subsections (1)(A) and (1)(B) of the Kansas long-arm statute.

First, under Subsection (1)(A), a defendant transacts business within the state when it enters the state by an agent, and through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve its economic conditions. <u>Anderson v. Heartland Oil & Gas, Inc.</u>, 249 Kan. 458, 467, 819 P.2d 1192, 1199 (1991). Defendant transacted business within Kansas when it sent a driver to load bacon in Frontenac, Kansas and transport it to Houston, Texas. <u>See Brandi v. Belger Cartage Serv., Inc.</u>, 842 F. Supp. 1337, 1341-42 (D. Kan. 1994) (broker which arranged for shipping of goods through Kansas subject to long-arm jurisdiction).

Second, Subsection (1)(B) subjects a party to the jurisdiction of the state of Kansas for the "commission of a tortious act within this state." Plaintiff alleges that defendant negligently allowed some of the bacon to freeze during the trip from Kansas to Texas. Plaintiff does not specifically allege that defendant negligently allowed the bacon to freeze in Kansas, but Kansas interprets the term "tortious act" broadly to include injuries that result from tortious acts committed outside the state. See Taylor v. Phelan, 912 F.2d 429, 432 (10th Cir. 1990); Sheldon v. Khanal, No. 07-2112, 2007 WL 4233628, at *4 (D. Kan. Nov. 29, 2007). Defendant's alleged negligence caused plaintiff to sustain losses and injury in Kansas. For jurisdictional purposes, defendant's conduct constitutes the commission of a tortious act within the state. Defendant's conduct falls within the Kansas long-arm statute.

      2.    <u>Due Process</u>

Due process permits the Court to exercise both general and specific personal jurisdiction.[2] The specific personal jurisdiction inquiry involves two steps. TH Agric. & Nutrition, 488 F.3d at 1286-87. First, the Court must determine whether defendant has minimum contacts with the forum state such that it should reasonably anticipate being haled into court there. Id. Second, if defendant has minimum contacts, the Court must determine whether exercise of personal jurisdiction over defendant offends traditional notions of fair play and substantial justice. Id.

      a.    <u>Minimum Contacts</u>

---

[2] General personal jurisdiction exists where the defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 & n.9 (1984)). Here, plaintiff only asserts in passing that the Court has general personal jurisdiction, and the Court therefore confines its analysis to specific personal jurisdiction.

A nonresident defendant has minimum contacts with the forum state when it should reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). A defendant may reasonably anticipate being subject to suit in the forum state if it has purposefully directed its activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The purposeful direction of activities toward residents of the forum state requires an out-of-state defendant to commit some act by which it purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws. Id. at 475; see also Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1079 (10th Cir. 1995) (mere allegation of injury to resident caused by out-of-state defendant does not necessarily establish minimum contacts; court must undertake particularized inquiry regarding extent to which defendant purposefully availed itself of benefits of forum's laws). Purposeful availment requires actions by defendant which "'create a substantial connection with the forum state.'" OMI Holdings, Inc., 149 F.3d at 1092 (quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 109 (1987)). The determination whether a nonresident defendant has minimum contacts sufficient to support a court's exercise of personal jurisdiction depends on the particular facts of each case. Benton v. Cameco Corp., 375 F.3d 1070, 1076 (10th Cir. 2004).

Plaintiff correctly points out that defendant purposefully directed its activities in Kansas. Specifically, defendant sent a driver, truck and trailer to Frontenac, Kansas. Defendant's driver signed a bill of lading and transported the bacon from Kansas to Texas and then back to Kansas (to return the rejected bacon). Based on this conduct, defendant could reasonably anticipate being haled into Kansas courts.

b.        Traditional Notions of Fair Play and Substantial Justice

The Court next considers whether the exercise of personal jurisdiction would comport with fair play and substantial justice. TH Agric. & Nutrition, 488 F.3d at 1287. This determination requires a case-specific inquiry into the reasonableness of the exercise of personal jurisdiction over a nonresident defendant with minimum contacts to the forum state. Id. at 1292. The Court assesses reasonableness by weighing (1) the burden on defendant, (2) the forum state's interest in resolving the dispute, (3) plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive social policies. Id. Reasonableness also turns in part on the strength of defendant's contacts with the forum state. Id. (reasonableness prong evokes sliding scale: weaker plaintiff's showing on minimum contacts, less unreasonableness defendant needs to defeat jurisdiction).

The first factor – the burden on defendant – weighs in defendant's favor. The cost to defendant to litigate the action in Kansas is probably higher than it would be to litigate in Alabama.

The second factor is the interest of the State of Kansas in resolving the instant action. States have an interest in providing a forum in which a manufacturer with a place of business in the state can seek redress for injuries. Cf. Burger King, 471 U.S. at 483. Plaintiff operates a processing plant in Kansas and defendant transacts business in Kansas. The Court finds that Kansas has a substantial interest in the present dispute.

The third factor in the reasonableness inquiry is whether plaintiff may receive convenient and effective relief in another forum. See OMI Holdings Inc., 149 F.3d at 1097. This factor favors plaintiff where its chances of recovery will be greatly diminished if it is forced to litigate in another

-7-

forum because of that forum's laws or because the burden is so overwhelming as to practically foreclose pursuit of the lawsuit.  Id.  Plaintiff does not argue that it will not be able to obtain full and complete relief if it is forced to litigate this case in another forum.  The Court finds that this factor favors defendant.

Next, the Court examines whether Kansas would best further the interstate judicial system's interest in obtaining the efficient resolution of controversies.  To evaluate this factor, courts generally consider the location of witnesses, where the underlying wrong occurred, what substantive law governs the case and whether jurisdiction is necessary to prevent piecemeal litigation.  See id. The first consideration does not appear to favor either party – some witnesses are located in Kansas, some in Arkansas and one (a truck driver) in Florida.  The next consideration strongly favors plaintiff because the alleged wrong occurred in Kansas or en route to Texas.  As for the governing law, plaintiff asserts that Kansas law applies while defendant asserts that Alabama law controls. Neither party, however, cites any case law or analysis on this point, and the Court finds that it does not favor either party.  The final consideration – avoiding piecemeal litigation – does not strongly favor either party.  Overall, the Court finds that the interest of the interstate system is best served by suit in Kansas.

The fifth factor in the reasonableness determination is the shared interest of the states in furthering fundamental substantive social policies.  The Court discerns no facts which favor either party on this issue.

After reviewing all of the relevant factors, the Court concludes that exercising personal jurisdiction over defendant will not violate traditional notions of fairness and due process. Defendant sent a driver, truck and trailer to Kansas.  Plaintiff allegedly suffered economic injury

in Kansas because of defendant's negligence.  On the current record the Court finds that it has personal jurisdiction over defendant as to plaintiff's contract and tort claims.

B.    Venue

Defendant asserts that this action must be dismissed for improper venue under 28 U.S.C. § 1391.  Section 1391 provides for three venue possibilities in a diversity case:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a); Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc., 434 F. Supp.2d 1051, 1060 (D. Kan. 2006).   Defendant asserts that none of the three bases for venue set out in Section 1391 applies.  Plaintiff counters that the federal removal statute controls venue because defendant removed this case from the Crawford County, Kansas District Court.   See 28 U.S.C. § 1441.  Defendant has not replied to plaintiff's argument.

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Section 1441 requires a basis for federal subject matter jurisdiction; thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal subject matter jurisdiction over this dispute is conferred by 28 U.S.C. § 1332, the general diversity jurisdiction statute.  Once the threshold subject matter jurisdiction requirement is met, Section 1441(a) provides that proper venue for a removed action is "the district court of the United States

for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Thermal Components Co. v. Griffith, 98 F. Supp.2d 1224, 1232 (D. Kan. 2000) (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953)) (Section 1441(a), not Section 1391, controls venue in removal actions); PT United Can Co. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2d Cir. 1998); Peterson v. BMI Refractories, 124 F.3d 1386, 1392 (11th Cir. 1997)).  The United States District Court for the District of Kansas embraces the District Court of Crawford County, Kansas, the court in which this action was pending when defendant filed its Notice of Removal.  Accordingly, this Court is the proper venue for the removed action. The Court therefore overrules defendant's motion to dismiss for improper venue.

**II.     Motion To Transfer**

Defendant also seeks to transfer venue to an unspecified court in Alabama.  28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness.  Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).  The moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer, and the plaintiff's choice of forum is afforded "great weight."  KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp.2d 1212, 1214 (D. Kan. 1998); Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1503 (D. Kan. 1989).  Unless the balance strongly favors the movant, the Court should not disturb plaintiff's forum choice.  Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

The Court must consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp., 928 F.2d at 1516.  Defendant briefly asserts that all of the factors weigh in favor of transfer.  In particular, defendant asserts that convenience and availability of witnesses, costs of obtaining attendance of witnesses and choice of laws weigh in favor of transfer.  As for witnesses, several witnesses reside in Kansas, several reside in Alabama and one resides in Florida.  Further, defendant asserts that one witness, a truck driver, resides in Alabama and can no longer drive. This factor does not weigh in favor of transfer.  The witnesses reside in several states, and thus the costs of obtaining attendance of witnesses does not favor transfer.  Finally, although defendant asserts that Alabama law will apply, it has provided no case law or analysis concerning choice of law.  Defendant has not shown that the potential costs and inconvenience to it of litigating this matter in Kansas significantly outweigh the corresponding costs and inconvenience to plaintiff of litigating the matter in Alabama.  A transfer of this case likely would simply shift any inconvenience to plaintiff.  Without more, this Court will not disturb plaintiff's legitimate choice of forum.  Therefore the Court overrules defendant's motion to transfer.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, Improper Venue, And In The Alternative Motion To Transfer Venue (Doc. #4) filed December 14, 2007 be and hereby is **OVERRULED**.

Dated this 18th day of March, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge