IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUGAR CREEK PACKING CO.,           )
                                   )
                 Plaintiff,        )
                                   )
vs.                                )        Case No. 07-CV-2573-GLR
                                   )
CIRCLE CITY TRANSPORT, INC.,       )
                                   )
                 Defendant.        )

## ORDER

Pending before the Court is the Motion of Defendant's Counsel to Withdraw (doc. 18).

District of Kansas Rule 83.5.5 provides several specific requirements an attorney must comply

with when seeking to withdraw as attorney of record in the case.  It provides that an attorney

seeking to withdraw must file and serve a motion to withdraw on all counsel of record.  The

local rule further requires that:

> the motion must be served either personally or by certified mail, restricted
> delivery, with return receipt requested on the withdrawing attorney's client. Proof
> of personal service or the certified mail receipt, signed by the client, or a showing
> satisfactory to the court that the signature of the client could not be obtained, shall
> be filed with the clerk.[1]

This rule also has certain notification requirements:

> Except when substitute counsel authorized to practice in this court has entered an
> appearance, withdrawing counsel shall provide evidence of notice to the
> attorney's client containing (1) the admonition that the client is personally
> responsible for complying with all orders of the court and time limitations
> established by the rules of procedure or by court order and (2) the dates of any
> pending trial, hearing or conference. Withdrawal shall not be effective until an
> order authorizing withdrawal is filed.[2]

---

[1]D. Kan. Rule 83.5.5.

[2]*Id.*

The instant motion fails to indicate whether the motion was served either personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client.  The motion further fails to provide evidence that counsel has provided his client with notice containing (1) the admonition that the client is responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order, and (2) the dates of any pending trial, hearings or conferences in this case.  The Court will therefore deny the motion for failure to comply with procedural requirements of D. Kan. Rule 83.5.5.

IT IS THEREFORE ORDERED that the Motion to Withdraw filed by Defendant' counsel (doc. 18) is denied without prejudice.

Dated this 18th day of November, 2008, in Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge