IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SUGAR CREEK PACKING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-2573-GLR |
| | ) | |
| CIRCLE CITY TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Deposition and Mandatory Disclosures (doc. 28).  Plaintiff requests that the Court enter an order pursuant to Fed. R. Civ. P. 37(a)(1) compelling Defendant Circle City Transport, Inc. to produce one or more officers, directors or managing agents, or other designated persons who consent to testify on its behalf, for the completion of its deposition pursuant to Fed. R. Civ. P. 30(b)(6).  It also requests an order compelling Defendant to provide mandatory disclosures required under Fed. R. Civ. P. 26(a). Defendant has not filed any response to the motion.   For the reasons discussed below, the Court denies the motion without prejudice to refiling.

## I.     Background

This is a breach of contract, negligence, and bailment case involving damages to raw bacon product of the Plaintiff which Defendant undertook to transport by truck to Plaintiff's customer in Houston, Texas.

On April 8, 2008, Defendant served its Initial Rule 26 Disclosures, which listed documents to be produced to Plaintiff, as required under Fed. R. Civ. P. 26(a).  On October 29, 2008, Plaintiff served Defendant with a Notice to Take Deposition pursuant to Fed. R. Civ. P. 30(b)(6).  The Notice

set the deposition to occur on November 11, 2008.  Defendant filed for Chapter 11 bankruptcy on November 5, 2008 and this case was stayed.  Defendant failed to appear for its deposition on November 11, 2008.

On June 3, 2009, Plaintiff filed a Motion to Resume Case and Set Scheduling Conference. Plaintiff requested that the Court recognize the lift of the automatic stay entered by the bankruptcy court and allow this case to proceed as provided within such order.  In support of its motion, it attached the bankruptcy court order terminating the automatic stay to allow Plaintiff to proceed against Defendant for recovery from Defendant's insurance company.  The motion was sustained at the July 9, 2009 telephone status conference.

On July 13, 2009, counsel for Plaintiff sent a letter to Defendant's counsel requesting a new deposition date.  The letter also requested that Defendant produce all documentation which counsel had discussed would be produced pursuant to Defendant's Rule 26 designations.

On September 3, 2009, counsel for Defendant filed a motion to withdraw.  That motion was granted by the Court on September 23, 2009.  Plaintiff filed this motion to compel Defendant's Rule 30(b)(6) deposition and Rule 26(a) initial disclosures on September 16, 2009.  Defendant, now *pro se*, has not filed any response in opposition to the motion.

**II.    Discussion**

Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action.  Similarly, D. Kan. Rule 37.2 provides that "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . .  unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior

to the filing of the motion."[1]  A "reasonable effort to confer" means more than mailing, faxing, or e-mailing a single letter to the opposing party; it requires that the parties "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2]

Plaintiff asserts in its motion that its counsel has made prior attempts to meet and confer with the defense counsel in regards to both of these issues, however, defense counsel has been unable to procure compliance from Defendants.  Plaintiff attached to its motion the letter of its counsel dated July 13, 2009 requesting that Defendant produce all documentation which counsel had discussed would be produced pursuant to Defendant's Rule 26 designations.  The letter also requests new deposition deadline for Defendant's Rule 30(b)(6) deposition.

Based upon the reported conferring efforts set forth in the motion, the Court finds that Plaintiff has not satisfied its duty to confer under Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.2.  The Court will therefore deny Plaintiff's Motion to Compel Deposition and Mandatory Disclosures.  Said denial shall be *without prejudice* to Plaintiff refiling the motion after it has made further efforts to confer with Defendant regarding the outstanding discovery issues.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Deposition and Mandatory Disclosures (doc. 28) is denied *without prejudice* to refiling the motion after Plaintiff has satisfied its duty to confer under Fed. R. Civ. P. 37(a) and D. Kan. Rule 37.2.

Dated this 7th day of October 2009, at Kansas City, Kansas.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[1]D. Kan. Rule 37.2.

[2] *Id.   See also Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & and Kan. City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000).